USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

UNITED STATES OF AMERICA,

Plaintiff,

v.

RESIDENTIAL HOME FUNDING
CORP.,

Defendant.

**STIPULATION AND ORDER**
**OF SETTLEMENT AND DISMISSAL**

17 Civ. 7192 (JSR)

WHEREAS, this Stipulation and Order of Settlement and Dismissal (the "Stipulation") is

entered into by and among plaintiff the United States of America (the "United States" or

"Government"), by its attorney, Joon H. Kim, Acting United States Attorney for the Southern

District of New York, and defendant Residential Home Funding Corp., including its successors

by operation of law or otherwise ("Residential Home"), by its authorized representatives

(collectively, the "Parties");

WHEREAS, Residential Home is a New York corporation headquartered in New Jersey

and conducting business throughout New York;

WHEREAS, from 2006 through 2012, Residential Home was a participant in the Direct

Endorsement Lending ("DEL") Program administered by the Federal Housing Administration .

("FHA") of the Department of Housing and Urban Development ("HUD"), pursuant to which

HUD insures DEL lenders for losses incurred on eligible single-family residential mortgage

loans in the event of borrower default;

WHEREAS, simultaneously with the filing of this Stipulation, the Government is filing a

complaint against Residential Home in the United States District Court for the Southern District

of New York (the "Court") pursuant to the False Claims Act, 31 U.S.C. §§ 3729 *et seq.* (the "Complaint");

WHEREAS, the Government alleges with respect to FHA insurance claims submitted to HUD from 2004 through 2012 (the "Covered Period") for losses incurred in connection with single–family residential mortgage loans originated by Residential Home, that Residential Home knowingly (1) submitted, or caused to be submitted, to HUD false claims for FHA insurance (on HUD-27011 Forms) for some loans that were ineligible for FHA insurance; (2) submitted false annual certifications attesting to HUD compliance with DEL Program rules; and (3) submitted false individual loan certifications to HUD attesting that certain loans were eligible for FHA insurance (the "Covered Conduct");

WHEREAS, in connection with its discussions with the United States, Residential Home has submitted information concerning the company's assets, liabilities, revenue, and profits, and has discussed with the Government its anticipated performance, as well as the potential effect of any settlement on its business and regulatory requirements (collectively, the "Financial Information");

WHEREAS, the Government and Residential Home have reached a mutually agreeable resolution addressing the Covered Conduct through this Stipulation;

NOW, THEREFORE, upon the Parties' agreement, IT IS HEREBY ORDERED that:

## TERMS AND CONDITIONS

1. Residential Home consents to the Court's subject matter jurisdiction over this action and personal jurisdiction over it.

2. Residential Home hereby admits, acknowledges, and accepts responsibility for the following conduct alleged in the Complaint:

a. As a DEL lender, Residential Home was required to comply with certain HUD and FHA requirements.

b. During the Covered Period, on an annual basis, Residential Home submitted certifications to HUD (the "annual certifications").

c. The annual certifications were signed by authorized representatives of Residential Home. The annual certifications required the signatory to certify, among other things, that he or she "kn[e]w, or [wa]s in the position to know, whether the ,operations of [Residential Home] conform[ed] to HUD-FHA regulations, handbooks, and policies," and that, to the best of the signatory's knowledge, Residential Home "conform[ed] to all HUD-FHA regulations necessary to maintain its HUD-FHA approval."

d. During the Covered Period, HUD and FHA rules required all DEL lenders, among other things, to maintain a quality control program that complied with HUD and FHA requirements. Residential Home failed to conform to this requirement by, among other things:

1. not taking action to address loans with underwriting deficiencies that were identified through Residential Home's own quality assurance review process;

3

        2.      not reviewing early payment default loans, that is, loans going into default within the first six payments ("EPD Loans");

        3.      not properly completing quality control reviews within the required 90-day period;

        4.      not reporting to HUD loans that were identified in Residential Home's quality control reviews as having indicia of fraud or other serious deficiencies; and

        5.      not establishing a compliant quality control plan that provided for certain procedures required by HUD and FHA rules, including, but not limited to, reporting findings from quality control reviews to management, identifying fraud and other serious violations, and implementing corrective action plans.

e.    Contrary to the representations in Residential Home's annual certifications, Residential Home failed to maintain a compliant quality control program as set forth above and therefore did not conform to all applicable HUD and FHA regulations during the Covered Period.

f.    For every mortgage loan that Residential Home endorsed for FHA mortgage insurance pursuant to the DEL Program, Residential Home submitted a Form HUD 92900-A, or an equivalent form, to HUD and FHA ("loan-level certification").

g.    In each loan-level certification, Residential Home certified to HUD and FHA that the loan was eligible for FHA mortgage insurance under the DEL Program.

h.  During the Covered Period, Residential Home endorsed for FHA mortgage insurance loans that did not meet the underwriting requirements contained in HUD's handbooks and mortgagee letters.

i.  As a result, Residential Home submitted to HUD and FHA loan-level certifications stating that loans were eligible for FHA mortgage insurance when in fact they were not. FHA insured these loans based upon the loan-level certifications and incurred losses when loans defaulted.

3.  Residential Home agrees and commits that it shall comply with all relevant HUD/FHA rules applicable to DEL lenders in the DEL Program.

4.  Residential Home further agrees that, in addition to its compliance with all relevant HUD/FHA rules applicable to DEL lenders in the DEL Program, its continued participation in the DEL Program shall be conditioned on the following:

a.  Residential Home's engagement of an independent compliance consultant (the "Compliance Consultant") to conduct a comprehensive third-party review of its policies, systems, procedures, and training regarding compliance with all relevant HUD/FHA rules applicable to DEL lenders in the DEL Program. Such Compliance Consultant shall be selected by Residential Home and shall be approved by the United States, such approval not to be unreasonably withheld. Residential Home shall bear the cost of the review and reporting activities (described below) of the Compliance Consultant.

b.  At the conclusion of the review, which shall be no more than six (6) months after the Effective Date of this Stipulation or following the approval by the United States of the Compliance Consultant, whichever is later, the Compliance

5

Consultant shall submit a written report ("Compliance Report") to Residential Home and HUD. The Compliance Report shall address the Compliance Consultant's review, conclusions, and recommendations for modifications or additions to Residential Home's policies, systems, procedures, and training related to compliance with all relevant HUD/FHA rules applicable to DEL lenders in the DEL Program.

c.  Within 60 days after delivery of the Compliance Report, Residential Home shall adopt and implement the recommendations of the Compliance Consultant or, if it determines that a recommendation is unduly burdensome or impractical, propose an alternative procedure to the Compliance Consultant designed to achieve the same objective. Residential Home shall submit such proposed alternatives in writing to both HUD and the Compliance Consultant. Within 60 days of receipt of any proposed alternative procedure, the Compliance Consultant shall reasonably determine whether the alternative procedure will achieve the same objective as the original recommendation and provide Residential Home and HUD with a written decision reflecting this determination (the "Compliance Decision").

d.  Subject to the written approval of the United States, which approval will not be unreasonably withheld, the Compliance Report and Compliance Decision will become the final decision of the Compliance Consultant.

e.  Residential Home will adopt and implement all recommendations contained in the Compliance Report, as may be amended by the Compliance Decision.

6

f.   Within 60 days after the issuance of the later of the Compliance Report or Compliance Decision, Residential Home shall provide HUD with a written implementation report (the "Implementation Report") attesting to and outlining the details of Residential Home's implementation of the recommendations of the Compliance Consultant.

g.   Within one year after Residential Home has provided HUD with the Implementation Report, Residential Home will re-engage the Compliance Consultant to conduct a follow-up comprehensive third-party review of its policies, systems, procedures, and training in order to assess the degree to which Residential Home has successfully completed implementation described in the Implementation Report.

h.   At the conclusion of this review, which shall be no more than eighteen (18) months after the date on which Residential Home provided HUD with the Implementation Report, the Compliance Consultant shall submit a written report (the "Follow-Up Report") to Residential Home and HUD. The Follow-Up Report shall address the Compliance Consultant's review, conclusions, and recommendations for modifications or additions to Residential Home's policies, systems, procedures, and training related to compliance with all relevant HUD/FHA rules applicable to DEL lenders in the DEL Program.

i.   Within 60 days of this Stipulation, and at least annually thereafter, Residential Home shall conduct training for all employees involved in the origination and underwriting of FHA loans with respect to relevant HUD/FHA rules applicable to DEL lenders in the DEL program. The form of such training shall be decided and

7

agreed upon in good faith between Residential Home and the United States.  In
addition, consistent with the above provisions, such training shall be amended or
supplemented, as reasonably necessary or appropriate, to conform to the
recommendations of the Compliance Consultant selected by Residential Home
and approved by the United States.

5.  Residential Home agrees to pay to the United States, at minimum, a total of
$1,670,000 ("Settlement Amount") to be paid in five installments of $334,000 each according to
the schedule set forth below:

     a.  Within 20 days of the Effective Date (as defined in paragraph 25 below),
        Residential Home shall make an initial payment of $334,000.

     b.  On or before August 31, 2018, Residential Home shall make a second payment of
        $334,000, plus interest on the amount of the Settlement Amount that was not paid
        within 20 days of the Effective Date, compounded annually at the rate of 2.75%
        and accruing from the Effective Date.

     c.  On or before August 31, 2019, Residential Home shall make a third payment of
        $334,000, plus interest on the amount of the Settlement Amount that was not paid
        within 20 days of the Effective Date, compounded annually at the rate of 2.75%
        and accruing from the Effective Date.

     d.  On or before August 31, 2020, Residential Home shall make a fourth payment of
        $334,000, plus interest on the amount of the Settlement Amount that was not paid
        within 20 days of the Effective Date, compounded annually at the rate of 2.75%
        and accruing from the Effective Date.

8

e. On or before August 31, 2021, Residential Home shall make a fifth and final payment of $334,000, plus interest on the amount of the Settlement Amount that was not paid by August 31, 2020, compounded annually at the rate of 2.75% and accruing from the Effective Date.

6. To the extent Residential Home's revenue, as reported in the audited annual financial statement it submits to HUD as required for its participation in the DEL Program, for any given year starting in 2018 exceeds $38,000,000, Residential Home's installment payment due on August 31st of the following year shall be increased by an amount equal to 15% of its revenue exceeding $38,000,000. Residential Home shall make these payments pursuant to written instructions to be provided by the United States Attorney's Office for the Southern District of New York.

7. Payment of the Settlement Amount pursuant to this Stipulation shall be made at http://www.pay.gov to the U.S. Department of Justice account in accordance with instructions provided by the Financial Litigation Unit of the United States Attorney's Office for the Southern District of New York. Any amounts distributed to HUD and FHA pursuant to this Stipulation may be deposited into FHA's Capital Reserve Account.

8. Subject to Residential Home's full compliance with the terms of this Stipulation, including Residential Home's payment of the Settlement Amount as provided herein, the Government releases Residential Home from any civil or administrative monetary claim that the United States has for the Covered Conduct under the False Claims Act, 31 U.S.C. §§ 3729, *et seq.*, the Civil Monetary Penalties Law, 42 U.S.C. § 1320a-7a, the Financial Institutions Reform, Recovery, and Enforcement Act of 1989 ("FIRREA"), 12 U.S.C. § 1833a, the Program Fraud

9

Civil Remedies Act, 31 U.S.C. §§ 3801, *et seq.*, and the common law theories of payment by mistake, unjust enrichment, fraud, breach of fiduciary duty, or breach of contract.

  9.  Residential Home releases the United States, its agencies, officers, agents, employees, and servants, from any claims, including attorney's fees, costs, and expenses of any kind and however denominated, that Residential Home has asserted, could have asserted, or may assert in the future, against the United States, its agencies, officers, agents, employees, and servants, related to the Covered Conduct and the United States' investigation and prosecution thereof.

  10. Notwithstanding the release given in Paragraph 8 above, or any other term of this Stipulation, the following claims of the Government are specifically reserved and are not released by this Stipulation:

    a. Any liability arising under Title 26, U.S. Code (Internal Revenue Code);

    b. Any criminal liability;

    c. Except as explicitly stated in this Stipulation, any administrative liability, including the suspension and debarment rights of any federal agency;

    d. Any claims arising under Title 12, United States Code (Banks and Banking), other than FIRREA as set forth above;

    e. Any liability to the United States (or its agencies) for any conduct other than the Covered Conduct;

    f. Any liability based upon obligations created by this Stipulation; or

    g. Any liability of individuals.

  11. Residential Home shall be in default of this Stipulation if Residential Home fails to make the required payments set forth in Paragraph 5 above, or if it fails to comply materially with any other term of this Stipulation ("Default").  The Government shall provide written notice

of any Default in the manner set forth in Paragraph 24 below. Residential Home shall then have an opportunity to cure the Default within ten (10) calendar days from the date of delivery of the notice of Default. In the event that a Default is not fully cured within ten (10) calendar days of the delivery of the notice of Default ("Uncured Default"), Residential Home agrees: (a) to the entry of the consent judgment attached hereto as Exhibit A in the amount of the outstanding portion of the Settlement Amount as of the date of Default; and (b) to the Government taking action to collect on any portion of the Settlement Amount that has not yet been paid. In the event of an Uncured Default, Residential Home further agrees that interest shall accrue at the rate of 12% per annum compounded daily on the remaining unpaid principal balance of the Settlement Amount, beginning seven (7) business days after mailing of the notice of Default. In the event of an Uncured Default, Residential Home further agrees that the United States, at its option, may (a) rescind the releases in this Stipulation and pursue any claim that would otherwise be covered by the releases provided in Paragraph 8 above; (b) seek specific performance of this Stipulation; (c) offset the remaining unpaid balance of the Settlement Amount (including interest) from any amounts due and owing Residential Home by any department, agency, or agent of the United States; or (d) exercise any other rights granted by law, or under the terms of this Stipulation, or recognizable at common law or in equity. Residential Home shall not contest any offset imposed or any collection undertaken by the Government pursuant to this Paragraph, either administratively or in any Federal or State court. In addition, Residential Home shall pay the Government all reasonable costs of collection and enforcement under this Paragraph, including attorneys' fees and expenses. In the event that the United States opts to rescind this Stipulation pursuant to this Paragraph, Residential Home shall not plead, argue, or otherwise raise any

11

defenses under the theories of statute of limitations, laches, estoppel, or similar theories, to any civil or administrative claims that relate to the Covered Conduct.

12. Residential Home waives and shall not assert any defenses it may have to any criminal prosecution relating to the conduct alleged in the Complaint that may be based in whole or in part on a contention that, under the Double Jeopardy Clause of the Fifth Amendment of the Constitution, or under the Excessive Fines Clause of the Eighth Amendment of the Constitution, this Stipulation bars a remedy sought in such criminal prosecution. Nothing in this Paragraph or any other provision of this Stipulation constitutes an agreement by the United States concerning the characterization of the Settlement Amount for purposes of the Internal Revenue laws, Title 26 of the United States Code.

13. This Stipulation is intended to be for the benefit of the Parties. The Parties are not releasing any claims against any other person or entity except as expressly provided in this Stipulation.

14. Residential Home represents and warrants that it has reviewed its financial situation, that it is currently solvent within the meaning of 11 U.S.C. §§ 547(b)(3) and 548(a)(1)(B)(ii)(I), and that it reasonably believes that it shall remain solvent following its compliance with its obligations under this Stipulation, including its payment of the Settlement Amount in accordance with the parameters stated in Paragraphs 5 and 6 above. Further, the Parties warrant that, in evaluating whether to execute this Stipulation, they (a) have intended that the mutual promises, covenants, and obligations set forth constitute a contemporaneous exchange for new value given to Residential Home, within the meaning of 11 U.S.C. § 547(c)(1); and (b) have concluded that these mutual promises, covenants, and obligations do, in fact, constitute such a contemporaneous exchange. Further, the Parties warrant that the mutual promises, covenants, and obligations set

forth herein are intended to and do, in fact, represent a reasonably equivalent exchange of value that is not intended to hinder, delay, or defraud any entity to which Residential Home was or became indebted to on or after the date of this Stipulation, within the meaning of 11 U.S.C. § 548(a)(1).

15. If within 91 days of the Effective Date of this Stipulation or any payment made under this Stipulation, Residential Home commences, or a third party commences, any case, action, or other proceeding under any law relating to bankruptcy, insolvency, reorganization, or relief of debtors (a) seeking an order for relief of Residential Home's debts, or seeking to adjudicate Residential Home as bankrupt or insolvent; or (b) seeking appointment of a receiver, trustee, custodian, or other similar official for Residential Home or for all or part of Residential Home's assets, Residential Home agrees as follows:

a.  Residential Home's obligations under this Stipulation may not be avoided pursuant to 11 U.S.C. § 547, and Residential Home shall not argue or otherwise take the position in any such case, action, or proceeding that (i) Residential Home's obligations under this Stipulation may be avoided under 11 U.S.C. § 547; (ii) Residential Home was insolvent at the time this Stipulation was entered into; or (iii) the mutual promises, covenants, and obligations set forth in this Stipulation do not constitute a contemporaneous exchange for new value given to Residential Home.

b.  If any of Residential Home's obligations under this Stipulation are avoided for any reason, including, but not limited to, through the exercise of a trustee's avoidance powers under the Bankruptcy Code or in connection with a receivership, the Government, at its option, may rescind this Stipulation and

reinstate the Complaint and pursue any civil and/or administrative claim, action, or proceeding against Residential Home that would otherwise be covered by the release in Paragraph 8 above. Residential Home agrees that (i) any such claim, action, or proceeding brought by the Government would not be subject to an "automatic stay" pursuant to 11 U.S.C. § 362(a) as a result of the case, action, or proceeding described in the first clause of this Paragraph, and Residential Home shall not argue or otherwise contend that the Government's claim, action, or proceeding is subject to an automatic stay; (ii) Residential Home shall not plead, argue, or otherwise raise any defenses under the theories of statute of limitations, laches, estoppel, or similar theories, to any claim, action, or proceeding that is brought by the Government within 60 calendar days of written notification to Residential Home that the Stipulation has been rescinded pursuant to this Paragraph, except to the extent such defenses were available on the Effective Date; and (iii) the Government has a valid claim against Residential Home for any unpaid Settlement Amount, and the Government may pursue its claim in the case, action, or proceeding described in the first clause of this Paragraph, as well as in any other case, action, or proceeding.

c.      Residential Home acknowledges that its agreements in this Paragraph are provided in exchange for valuable consideration provided in this Stipulation.

16. Residential Home agrees to the following:

a.      Unallowable Costs Defined: All costs (as defined in the Federal Acquisition Regulation, 48 C.F.R. § 31.205-47) incurred by or on behalf of Residential Home,

its present or former officers, directors, employees, shareholders, and agents in connection with:

1. the matters covered by this Stipulation;

2. the United States' audit(s) and civil investigation(s) of the matters covered by this Stipulation;

3. Residential Home's investigation, defense, and corrective actions undertaken in response to the United States' audit(s) and civil investigation(s) in connection with the matters covered by this Stipulation (including attorney's fees);

4. the negotiation and performance of this Stipulation;

5. any payments Residential Home makes to the United States pursuant to this Stipulation, including costs and attorney's fees,

are unallowable costs for government contracting purposes (hereinafter referred to as "Unallowable Costs"). For purposes of this Paragraph, the term Unallowable Costs does not include insurance claims made in connection with mortgage loans that Residential Home endorsed for FHA insurance and for which Residential Home submitted a claim to HUD during the Covered Period.

b. Future Treatment of Unallowable Costs: Unallowable Costs will be separately determined and accounted for by Residential Home, and Residential Home shall not charge such Unallowable Costs directly or indirectly to any contract with the United States.

c. Treatment of Unallowable Costs Previously Submitted for Payment: Within 90 days of the Effective Date of this Stipulation, Residential Home shall identify and

15

repay by adjustment to future claims for payment or otherwise any Unallowable Costs included in payments previously sought by Residential Home or any of its subsidiaries or affiliates from the United States. The United States, including the Department of Justice and/or the affected agencies, reserves its rights to audit, examine, or re-examine Residential Home's books and records and to disagree with any calculations submitted by Residential Home or any of its subsidiaries or affiliates regarding any Unallowable Costs included in payments previously sought by Residential Home, or the effect of any such Unallowable Costs on the amount of such payments.

17. In connection with the negotiation of this Stipulation, Residential Home has provided the Government with the Financial Information. The Government understands that anticipated performance is uncertain and subject to change. Nevertheless, Residential Home represents that the Financial Information was prepared in good faith and was, to Residential Home's knowledge, accurate and not misleading in any material respect. The Government has relied on the foregoing representation in entering into this Stipulation. In the event of any breach of the foregoing representation, the Government, at its option, may rescind this Stipulation and reinstate the Complaint. Based on the Financial Information, Residential Home has represented, and the parties have each concluded, that the Settlement Amount represents the maximum of Residential Home's current ability to pay, or to agree to pay, a monetary settlement in light of its business and regulatory requirements.

18. Each Party shall bear its own legal and other costs incurred in connection with this matter, including the preparation and performance of this Stipulation.

16

19. Any failure by the Government to insist upon the material performance of any of the provisions of this Stipulation shall not be deemed a waiver of any of the provisions hereof, and the Government, notwithstanding that failure, shall have the right thereafter to insist upon material performance of any and all of the provisions of this Stipulation.

20. This Stipulation is governed by the laws of the United States. The exclusive jurisdiction and venue for any dispute relating to this Stipulation is the United States District Court for the Southern District of New York. For purposes of construing this Stipulation, this Stipulation shall be deemed to have been drafted by all Parties to this Stipulation and shall not, therefore, be construed against any Party in any subsequent dispute.

21. This Stipulation constitutes the complete agreement between the Parties with respect to the subject matter hereof. This Stipulation may not be amended except by written consent of the Parties.

22. The undersigned counsel represent and warrant that they are fully authorized to execute this Stipulation on behalf of the persons and entities indicated below.

23. This Stipulation may be executed in counterparts, each of which constitutes an original and all of which constitute one and the same Stipulation. Facsimiles of signatures shall constitute acceptable, binding signatures for purposes of this Stipulation.

24. Any notices pursuant to this Stipulation shall be in writing and shall be delivered by hand, express courier, or facsimile transmission followed by postage-prepaid mail, and shall be addressed as follows:

If to the United States:

Jessica Jean Hu
Elizabeth M. Tulis
Assistant United States Attorneys
United States Attorney's Office
Southern District of New York
86 Chambers Street, Third Floor
New York, NY 10007
Phone: 212-637-2726
Fax: 212-637-2717

If to Defendant:

Stephen G. Topetzes
Meghan E. Flinn
K&L Gates LLP
1601 K Street, NW
Washington, DC 20006
Phone: 202-778-9328
Fax: 202-778-9100

25. The effective date of this Stipulation is the date upon which this Stipulation is entered by the Court (the "Effective Date").

26. Subject to the exceptions in Paragraph 10 (concerning excluded claims), and conditioned upon timely payments from Residential Home of the full Settlement Amount as well as any additions to the Settlement Amount required based on Residential Home's revenue pursuant to Paragraph 6, the United States shall dismiss with prejudice the Complaint, provided, however, that the Court shall retain jurisdiction over this Stipulation and each Party to enforce the obligations of each Party under this Stipulation.

**RESIDENTIAL HOME FUNDING CORP.**

Dated:      Washington, D.C.
            September 15, 2017

                                        By: _____
                                        STEPHEN G. TOPETZES
                                        MEGHAN E. FLINN
                                        K&L Gates LLP
                                        1601 K Street, NW
                                        Washington, DC 20006
                                        Telephone:  (202) 778-9328/9458
                                        Facsimile:  (202) 778-9100
                                        *Attorneys for the Defendant*

20

Agreed to by:

## THE UNITED STATES OF AMERICA

Dated:     New York, New York
           September 1ᵭ, 2017

                          JOON H. KIM
                          Acting United States Attorney for the
                          Southern District of New York

                          By:

                          JESSICA JEAN HU
                          ELIZABETH M. TULIS
                          Assistant United States Attorney
                          86 Chambers Street, Third Floor
                          New York, New York 10007
                          Telephone: (212) 637-2726/2725
                          Facsimile: (212) 637-2717
                          *Attorneys for the United States of America*

19

SO ORDERED:

_____
UNITED STATES DISTRICT JUDGE
9/25/17